IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-485-BR

| | | |
|---|---|---|
| CHARLES LEE GRANTHAM, SR. and ELIZABETH E. GRANTHAM, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER and** |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) | |
| Defendant. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiffs Charles Lee Grantham, Sr. and Elizabeth E. Grantham ("plaintiffs") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* Public D.E. dated 29 Aug. 2014). For the reasons stated below, the court will allow plaintiffs' motion to proceed *in forma pauperis*, but recommend that this action be dismissed as frivolous pursuant to the *Rooker-Feldman* doctrine and *Younger* abstention.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiffs have adequately demonstrated their inability to prepay the required court costs. Their motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

In this action, commenced on 28 August 2014, plaintiffs allege improprieties in foreclosure proceedings brought by defendant U.S. Bank National Association ("defendant") in the Superior Court of Wayne County, North Carolina relating to their real property located at 642

Ditchbank Road in Goldsboro, North Carolina. (*See* Compl. (D.E. 1-2) 1).[1] They contend that defendant has violated the Uniform Commercial Code, the Fair Debt Collection Practices Act, and federal regulations. (*Id.* at 1, 3-4). The alleged violations are grounded, in part, on the purported fact that defendant has no interest in the property in question and should not be permitted to foreclose on it. (*Id.* at 1). Plaintiffs purport to have removed the state proceeding to this court and ask this court to stay or set aside any the sale of or any foreclosure on this property or eviction of plaintiffs from it until this court can determine whether foreclosure proceedings have violated the law. (*Id.* at 1 (citing 28 U.S.C. § 1446(d)), 2). Attached to the complaint as exhibits are defendant's state court request for issuance of an order of possession of the property in question obtained through foreclosure, dated 14 August 2014 (D.E. 1-5); the state court order allowing the request for possession, entered 25 August 2014 (D.E. 1-4); and the state court notice of eviction from the property, dated 26 August 2014 and listing an eviction date of 2 September 2014 (D.E. 1-3).

## II.  DISCUSSION

### A.  Applicable Legal Standards for Frivolity Review

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

---

[1] In the complaint form (D.E. 1-1) plaintiffs filed, they did not set out their allegations, but stated, "See Attached Complaint." (D.E. 1-1 at 1). It is this other document (D.E. 1-2) that the court is treating as the complaint. It consists of a typewritten description of plaintiff's claim spanning two pages (D.E. 1-2 at 1-2) plus two additional pages of typewritten allegations (*id.* at 3-4) adapted from another case, as discussed further in footnote 2 below.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure");

*Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiffs. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Similarly, removal jurisdiction exists only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id.* § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

**B.	Lack of Subject Matter Jurisdiction Over Plaintiffs' Claims**

    **1.	*Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id*. (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 Fed. Appx. 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "'inextricably intertwined" where "in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal

court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 Fed. Appx. 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

In *Smalley v. Shapiro & Burson, LLP*, 526 Fed. Appx. 231 (4th Cir. 2013), the Fourth Circuit ruled that the claims of borrowers challenging practices engaged in by defendants during foreclosure proceedings were barred by *Rooker-Feldman*. Specifically, in that case, the borrowers instituted a federal suit charging the substitute trustees with claims under the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, Fair Housing Act, and Civil Rights Act, arising from their practices of supporting foreclosures with false affidavits. 526 Fed. Appx. at 235. The Fourth Circuit held that even though the plaintiffs were not seeking to "undo" the state court judgments foreclosing on their homes, their success would necessitate a determination that the judgments, which awarded legal fees and commissions in reliance on allegedly false affidavits, were erroneous. *Id.* at 236. In short, because it was the state court judgment that was the cause of plaintiffs' harm, the court held that the federal court action was barred by *Rooker-Feldman*. *Id.* at 237.

The injuries plaintiffs allege in this case result from alleged improprieties in the state court foreclosure proceedings, including but not limited to the allegations that defendant unlawfully initiated foreclosure proceedings. Determination of plaintiffs' claims in their favor would necessarily require this court to find that the state court foreclosure proceedings were conducted in an improper manner, produced an improper result, or both. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiffs, of course, retain access to the state courts for pursuit of their claims.

The court concludes that the *Rooker-Feldman* doctrine applies to the claims asserted by plaintiffs and, consequently, this court lacks subject matter jurisdiction over them. This case should accordingly be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), on the basis of the *Rooker-Feldman* doctrine. *See Carmichael v. Irwin Mort. Corp.,* No. 5:14–CV–122–D, 2014 WL 7205099, at *3 (E.D.N.C. 17 Dec. 2014) ("This court, however, lacks subject-matter jurisdiction to sit in direct review of a North Carolina state foreclosure action."); *Everette v. Peele,* No. 5:14–CV–213–BO, 2014 WL 4961099, at *3 (E.D.N.C. 28 July 2014) ("Although Plaintiff is not explicitly requesting that the court vacate or 'undo' the state court's judgment of foreclosure, to grant relief on this claim would require a finding that the state court's judgment was in error. As such, this claim should be dismissed as barred by the *Rooker–Feldman* doctrine."), *rep. and recomm. adopted by* 2014 WL 4961102 (3 Oct. 2014); *Ruiz v. Nationstar Mortg. LLC,* No. 1:12CV272, 2013 WL 4519180, at *3 (M.D.N.C. 26 Aug. 2013) ("Plaintiff's remedy for these and the other alleged defects in the state foreclosure proceeding was to appeal through the state judicial system and then seek review in the Supreme Court of the United States. This Court lacks subject matter jurisdiction to review the state court's order."), *aff'd*, 556 Fed.

Appx. 271 (4th Cir. 25 Feb. 2014); *Grantham[2] v. Grayspencer*, 5:11-CV-689-BO (12 June 2012 Order (D.E. 14)) (dismissing removed action and denying stay of state foreclosure proceedings pursuant to *Rooker-Feldman* doctrine).

2. *Younger* **Abstention**

*Younger v. Harris*, 401 U.S. 37 (1971) established the principle that federal courts should not intervene in state court criminal, civil, and administrative proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). "*Younger* and 'its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Beam v. Tatum*, 299 Fed. Appx. 243, 245 (4th Cir. 2008) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Abstention is required where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Here, not only do plaintiffs challenge the legality of the state court proceeding, but they purport to have removed it to this court.[3] Matters relating to foreclosure proceedings unquestionably implicate important state interests. *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions,

---

[2] The court notes that although the plaintiffs in this action have different first names from the plaintiffs in the dismissed *Grantham v. Grayspencer* action, plaintiffs' complaint in this action contains a document that is identical to one filed in that action with the exception of whiting out the name of the defendant in that case and writing in the name of the defendant in the instant case. (*See* Compl. 3-4).

[3] Plaintiffs provide no documentation that they gave the notice in the state court needed to actually effect the removal under 28 U.S.C. § 1446(d), nor was any notice of removal filed in this court as required by 28 U.S.C. § 1446(a). Accordingly, dismissal, rather than remand, appears to be the appropriate resolution of this case. *See Peterman v. Causey*, No. 5:13-CV-85-D, 2013 WL 589009, at *3 (E.D.N.C. 14 Feb. 2013) (recommending dismissal of action plaintiff purported to remove from state court action on grounds that court lacked jurisdiction); *Middleton v. Emerson*, No. 2:11-2535-DCN-BHH, 2011 WL 5320978, at *2-3 (D. S.C. 13 Oct. 2011) (recommending dismissal of plaintiff's complaint and purported notice of removal where court lacked jurisdiction), *rep. and recomm. adopted by* 2011 WL 5239705 (1 Nov. 2011).

are frequently 'important' state interests justifying *Younger* abstention."); *Wilder v. Hutchens, Senter, Kellam & Pettit, P.A.*, No. 3:14–CV–00361–FDW–DCK, 2014 WL 4854599, at *3 (W.D.N.C. 30 Sep. 2014) ("Plaintiff's claims concerning the ongoing foreclosure matters clearly implicate important state interests."); *Hayes v. JP Morgan Chase Bank,* No. 3:13–cv–1884–JFA, 2014 WL 4198897, at *3 (D.S.C. 20 Aug. 2014) ("Courts in this district have recognized that 'there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state.'" (quoting *Dennis v. HSBC Mortg. Servs., Inc.*, No. 0:10–2693–MJP–PJG, 2011 WL 3876916, at *3 (D.S.C. 11 Aug. 2011))); *Ward v. Branch Banking & Trust Co.,* No. ELH–13–01968, 2014 WL 2707768, at *9 (D. Md. 13 June 2014) (holding that the state has a substantial interest in foreclosure proceedings because they implicate state property law in case where plaintiff contended that defendants submitted falsified and invalid documents in a foreclosure proceeding). Plaintiffs have an adequate state forum to pursue their claims. *Thomas v. Equitable Life Mortg. and Realty Investors,* No. 3:13–130–CMC–PJG, 2013 WL 2352589, at *8 (D.S.C. 29 May 2013) (holding that plaintiff could raise his constitutional claims arising under foreclosure proceeding in state court because "'ordinarily a pending state [proceeding] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights'" (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975))). The court accordingly concludes that the principle of abstention under *Younger* provides an additional ground for dismissal of this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

III. **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiffs, who shall have until 24 April 2015 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 10th day of April 2015.

James E. Gates
United States Magistrate Judge